This civilian pay case presents an unusual fact situation linked with a common legal issue: Who is entitled to the survivor annuity benefits of a federal pension? Plaintiffs claim states that, as the widow of Joseph Silver, she is entitled to the benefits. Defendant claims that plaintiff was not married to Joseph Silver on the date that he retired and, therefore, she is not entitled to the benefits. Plaintiffs claim was denied by the Merit Systems Protection Board (mspb). Defendant now moves for summary judgment. We hold that plaintiff does not satisfy the prerequisites necessary for her to receive survivor annuity benefits and, therefore, we grant defendant’s motion for summary judgment.
Plaintiff and Joseph Silver were first married on October 31, 1930.[1] Three children were born during the marriage. Joseph Silver was an employee of the United States Post Office for approximately 31 years. He retired on disability on October 31, 1956. At the time of retirement Joseph Silver elected a reduced annuity to provide a survivor annuity for plaintiff.
On September 30, 1957, plaintiff and Joseph Silver were divorced. Thereafter, he married Ida Silver on October 21, 1961. On December 31, 1963, on the basis of recovery from his disability, Joseph Silver’s disability annuity was terminated under 5 U.S.C. § 8337(d) (1970). He then filed for and obtained, beginning on January 1, 1964, a discontinued service annuity under 5 U.S.C. § 8337(e) (1970). Joseph Silver again elected a reduced annuity but this time to provide a survivor annuity for Ida Silver. However, Ida Silver predeceased him on February 18,1966.
*919 Approximately 2 years prior to Ida Silver’s death (that is, in 1964), Joseph Silver separated from Ida Silver, filed for divorce and began living with plaintiff as, according to plaintiff, husband and wife. On October 26, 1969, plaintiff and Joseph Silver remarried. Before their remarriage, Joseph Silver requested several times that the Civil Service Commission redesignate plaintiff as his survivor annuitant. The Government denied this request. Joseph Silver died on May 9,1970.
On August 3, 1973, plaintiff filed a formal request for a survivor annuity with the Office of Personnel Management (opm). opm denied plaintiffs claim on November 11, 1975, on the ground that plaintiff did not meet the requirement of being Joseph Silver’s spouse on the date of his retirement— that being the January 1, 1964, retirement on a discontinued service annuity. Plaintiff appealed the opm decision to the mspb on July 10, 1979. The mspb field office sustained the opm decision and the mspb Office of Appeals denied plaintiffs request for review. Plaintiff filed her petition in this court on September 16,1981.
In order to be entitled to a survivor annuity under the laws applicable to this case, a claimant must meet two conditions. First, the claimant must be married to the retiree on the retiree’s date of death. Second, the claimant must have been married to the retiree on the retiree’s date of retirement. There is no question that plaintiff was married to Joseph Silver on the date he died. Furthermore, there is no question that Joseph Silver wanted plaintiff to receive the survivor benefit after he and plaintiff were remarried. The issue in this case is whether plaintiff was married to Joseph Silver on the date he retired; more specifically, the issue is whether the January 1, 1964, change in Joseph Silver’s retirement program constituted a new retirement, as defendant claims and the mspb held, or instead, just a change in the method by which benefits were computed, as plaintiff claims.
The issue in this case is solely one of statutory interpretation, therefore, the arbitrary and capricious standard of review that defendant argues for is not applicable. We are not bound by mspb legal conclusions. 5 U.S.C. § 7703(c)(1) (Supp. IV 1980).
*920 The first statutory provisions relevant to our analysis are 5 U.S.C. § 8337(d) and (e) (1970).[2] Joseph Silver’s original disability retirement was terminated on December 31,1963, under subsection (d) and his retirement benefits became subject to the provisions of subsection (e) on January 1, 1964. The relevant portions of those subsections are as follows:
(d) If an annuitant receiving disability retirement annuity from the Fund, before becoming 60 years of age, recovers from his disability, payment of the annuity terminates on reemployment by tl ; Government or 1 year after the date of the medical examination showing the recovery, whichever is earlier. * * *
(e) If an annuitant whose annuity is terminated under subsection (d) of this section is not reemployed in a position in which he is subject to this subchapter, he is deemed, except for service credit, to have been involuntarily separated from the service for the purpose of this subchapter as of the date of termination of the disability annuity, and after that termination is entitled to annuity under the applicable provisions of this subchapter. * * *
The applicability of these provisions is not disputed.
Plaintiff claims that 5 U.S.C. §8341 (1970) is also applicable to the present facts and entitles her to a survivor annuity. The pertinent portions of section 8341 are:
§ 8341. Survivor annuities.
(a) For the purpose of this section—
(1) "widow” means the surviving wife of an employee or Member who—
(A) was married to him for at least 2 years immediately before his death; or
(B) is the mother of issue by that marriage;
* * * * *
(b)(1) Except as provided in paragraph (2) of this subsection, if an employee or Member dies after having retired under this subchapter and is survived by a spouse to whom he was married at the time of retirement, or by a widow or widower whom he married after retirement, the spouse, widow, or widower is entitled to an annuity * * *. [Emphasis supplied.]
The italicized phrase would seem to indicate that plaintiff is entitled to an annuity.
*921 In response, defendant notes as irrelevant but does not accept plaintiffs contention that, under common law principles, plaintiff was married to Joseph Silver for at least 2 years immediately before his death.[3] Instead, defendant attacks plaintiffs reliance on section 8341 at a more basic level. The Act of January 8, 1971, § 3(b), Pub. L. No. 91-658, 84 Stat. 1961 (act), which amended section 8341(b)(1) by adding the phrase "or by a widow or widower whom he married after retirement,” was effective as of the date of enactment, January 8, 1971. Section 5(b) of the act expressly states that the amendment does
not apply in the cases of employees, Members, or annuitants who died before the date of enactment of this Act. The rights of such persons and their survivors shall continue in the same manner and to the same extent as if such amendments had not been enacted.
Since Joseph Silver died on May 9,1970, the act’s provisions are not applicable to the present facts.
We conclude that 5 U.S.C. §2260 (1964) provides the applicable law, rather than 5 U.S.C.§8341 (1970). Section 2260 states, in part:
(a) Surviving spouse of employee or Member where death occurs after retirement.
(1) If an employee or Member dies after having retired under any provision of this chapter and is survived by a wife or husband to whom the employee or Member was married at the time of retirement, such wife or husband shall be paid an annuity * * *. [Emphasis supplied.]
Section 2260(a) clearly requires that in order for plaintiff to receive a survivor annuity she must have been married to Joseph Silver on both (1) the date of his death and (2) the date of his retirement.
Plaintiffs arguments have a certain common sense ring to them. It is usual to think of an employee only retiring once. And it seems unfair to deny survivor benefits to a spouse, who shared the vast portion of her life married to the annuitant, just because during a lapse in their relationship the retirement program covering the annuitant changed. However, we can only require defendant to pay plaintiff what the applicable law allows. Unfortunately for plaintiff, the statutes applicable to this case required that *922 she be married to Joseph Silver on January 1, 1964, the date of his retirement under section 8337(e), to receive an annuity. A reading of section 8337(d) clearly shows that the retirement program under which Joseph Silver elected to provide a survivor annuity for plaintiff ceased to cover him on December 31, 1963. Therefore, when plaintiff remarried Joseph Silver she was in the same position as any spouse who married a federal employee after he retired under section 8337(e).
Joseph Silver and plaintiff several times requested that the Bureau of Retirement of the Civil Service Commission and opm pay plaintiff a survivor annuity. Both agencies consistently denied these requests on the ground that plaintiff was not married to Joseph Silver when he retired in 1964. The interpretation of a statute by the government agency charged with administering it is entitled to great weight if there is a reasonable basis for its interpretation in the statute. Power Reactor Co. v. International Union of Electrical Workers, 367 U.S. 396 (1961). Furthermore, plaintiff cannot argue that Congress did not intend to exclude post-retirement spouses since there would have been no need for the 1971 amendment to section 8341 if the prior law allowed post-retirement spouses to receive survivor annuities.
it is therefore ordered, without hearing oral argument, that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.

 Since we are considering this case on the basis of defendant’s motion for summary judgment, all contested facts not decided by the mspb have been considered in the light most favorable to plaintiff.

 5 U.S.C. § 8337(dHe) (1970) is the successor statutory provision to 5 U.S.C. § 2257(dHe) (1964). The provisions do not differ in any way relevant to the present case.

 Section 2251(h) of title 5 (1964) similarly defines "widow.’